**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     Criminal No. 1:02-cr-503 |
| | )     Civil Action No. 1:16-cv-857 |
| JOSEPH ORSINI MITCHELL | ) |

## MEMORANDUM OPINION

In November 2009, defendant pled guilty to one count of engaging in a conspiracy to distribute 50 grams or more of cocaine base—commonly known as crack cocaine—in violation of 21 U.S.C. § 846, and one count of using a firearm in relation to and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). In January 2010, defendant, as required by statute, was sentenced to a term of 60 months' imprisonment on the § 924(c) count, with that sentence to run consecutive to defendant's 120-month sentence imposed on the conspiracy count. Now, more than six years later, defendant, proceeding *pro se*, has moved pursuant to 28 U.S.C. § 2255 to vacate and set aside his convictions and sentences on the grounds that (i) the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), operates to invalidate § 924(c)'s residual clause,[1] and (ii) defendant received ineffective

---

[1] Pursuant to § 924(c)(1)(A), it is a separate offense to use, carry, or possess a firearm "during and in relation to any crime of violence or drug trafficking crime." Section 924(c)(3) defines a "crime of violence" as any felony:

> (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) and subsection (B) of § 924(c)(3) are commonly referred

assistance of counsel because his counsel did not raise a challenge pursuant to the Fair

Sentencing Act ("FSA"), 18 U.S.C. § 3553, during defendant's appeal.[2] In response, the

government contends that defendant's motion is barred as untimely, and that in any event,

defendant's conviction and sentence are based not on § 924(c)'s "crime of violence" prong or

"residual clause," but rather on § 924(c)'s "drug trafficking" prong, a provision not addressed by

the Supreme Court's decision in *Johnson*.[3]

Because the matter has been fully briefed and the facts and law are fully set forth in the

existing record, neither oral argument nor an evidentiary hearing would aid the decisional

process.[4] Accordingly, the matter is now ripe for disposition. For the reasons stated below,

defendant's motion must be denied.

## I.

According to defendant's sworn Statement of Facts submitted as part of his plea

agreement, defendant conspired with his brother and another individual to sell crack cocaine in

---

to as the "force clause" and the "residual clause," respectively. *See United States v. McNeal*, 818 F.3d 141, 151-52 (4th Cir. 2015).

[2] Federal statutes typically base the length of a minimum prison term for a drug conviction on the kind and amount of the drug involved. Until 2010, federal law imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount of crack cocaine—for instance, the same 5–year minimum term would be imposed upon (i) an offender convicted of possessing with intent to distribute *500* grams of powder cocaine as upon (ii) an offender convicted of possessing with intent to distribute *5* grams of crack. The Fair Sentencing Act, 124 Stat. 2372, took effect on August 3, 2010 and reduced this crack-to-powder disparity from 100-to-1 to 18-to-1. *See Dorsey v. United States*, 132 S. Ct. 2321, 2325-26 (2012).

[3] Although the government's motion to dismiss does not adequately address the merits of defendant's ineffective assistance of counsel claim, it is appropriate to do so here.

[4] Importantly, § 2255(b) provides that a hearing is unnecessary where, as here, "the motion and the files of the case conclusively show that the prisoner is entitled to no relief[.]"

the Eastern District of Virginia from 2000 to March 2002. Defendant and his coconspirators obtained the drugs by traveling to New York, where they acquired either crack itself or cocaine, which a coconspirator would then convert to crack for purposes of sale. In the course of this conspiracy, defendant personally distributed, or reasonably foresaw that his coconspirators would distribute, between 50 and 150 grams of crack. During this period, defendant obtained and possessed a firearm to protect himself, the drugs, and the drug proceeds.

On November 12, 2009, defendant pled guilty to one count of engaging in a conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (Count 1), and one count of using a firearm in relation to and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). On January 29, 2010, defendant received a sentence of 120 months' imprisonment on Count 1, and a consecutive sentence of 60 months' imprisonment on Count 3, for a total sentence of 180 months. With respect to sentencing, a memorandum opinion issued making clear that § 924(c) requires its mandatory minimum penalty to be served consecutive to § 846's mandatory minimum sentence. *See United States v. Mitchell*, 691 F. Supp. 2d 665 (E. D. Va. 2010).[5]

Defendant timely appealed, and on August 16, 2010, the Fourth Circuit Court of Appeals dismissed defendant's appeal. Consistent with the Fourth Circuit's mandate, defendant's judgment of conviction became effective on September 22, 2010. *See United States v. Joseph Orsini Mitchell*, No.1:02-CR-503 (E.D. Va. Aug. 16, 2010) (Docs. 73, 76).

On June 21, 2012, almost two years after defendant's judgment became final, the Supreme Court issued its opinion in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), addressing

---

[5] Nine months after the issuance of this opinion, the Supreme Court reached the same result in a case involving strikingly similar facts and arguments to those in defendant's case. *See Abbott v. United States*, 552 U.S. 8 (2010).

whether Congress intended the FSA, which increased the drug amount necessary to trigger the mandatory minimum sentences for crack cocaine offenses, to apply retroactively to defendants who committed their crack cocaine crimes before the FSA took effect on August 3, 2010. Specifically, the Supreme Court in *Dorsey* held that the FSA's new drug amounts to trigger the mandatory minimums applied to defendants who committed their crack cocaine crimes *before*, but were sentenced *after*, August 3, 2010. 132 S. Ct. at 2331.

On June 26, 2015, almost five years after defendant's judgment became final, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), addressing the definition of a "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Specifically, the Supreme Court in *Johnson* held that the ACCA residual clause in § 924(e)(2)(B)(ii) defining a "violent felony" as including an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague, and therefore that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. Thereafter, on April 18, 2016, the Supreme Court held that *Johnson* announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

Shortly after the Supreme Court's decision in *Welch*, defendant moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed on him on the grounds that (i) the Supreme Court's decision in *Johnson* operates to invalidate his § 924(c) conviction, and (ii) defendant received ineffective assistance of counsel because his attorney did not raise an FSA challenge to his sentence on the § 846 conviction during defendant's appeal.[6] Specifically,

---

defendant asserts that his counsel deprived defendant of the opportunity to be resentenced by erroneously advising him that the FSA was inapplicable to defendant's case.

Approximately one month later, on July 22, 2016, the government moved to dismiss defendant's § 2255 motion, contending that defendant's motion is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). The government further argued that defendant's § 924(c) conviction rests on the statute's "drug trafficking" provision, and thus does not implicate either the *Johnson* decision or § 924(c)'s residual clause.

## II.

To begin with, the government challenges defendant's *Johnson* claim as untimely. Specifically, the government asserts that because defendant filed his § 2255 motion approximately five years after his § 924(c) conviction became final, defendant's § 2255 motion is barred by the one-year limitations period set forth in 28 U.S.C. § 2255(f)(1). Defendant seeks to avoid this result, contending that his motion is timely pursuant to 28 U.S.C. § 2255(f)(3), which created a one-year limitations period running from June 26, 2015, the date *Johnson* was decided.

Section 2255(f)(3) provides that a one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.*[7] In this regard, the Fourth Circuit has explained that

---

[6] Defendant certified under penalty of perjury that on June 24, 2016 he placed his § 2255 motion in the prison mailing system. The motion was docketed in the District Court on July 5, 2016. But, in evaluating the timeliness of the motion, the operative date of the motion's filing is June 24, 2016. *See Houston v. Lack*, 487 U.S. 266 (1988).

[7] *See also Dodd v. United States*, 545 U.S. 353, 357-58 (2005) (explaining that the § 2255(f)(3)

> to obtain the benefit of the limitations period stated in § 2255(f)(3), [a movant] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been … made retroactively applicable to cases on collateral review'; and (3) that [the movant] filed his motion within one year of the date on which the Supreme Court recognized the right.

*United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (quoting § 2255(f)(3)). Importantly, § 2255(f)(3) requires that the new right be recognized by the Supreme Court itself before a movant may properly invoke § 2255(f)(3). As the government correctly points out, the determination whether defendant's motion is timely depends on whether the "right asserted" by defendant here is the same "right" that was "newly recognized" by the Supreme Court in *Johnson*.[8]

---

limitations period runs from the date on which the Supreme Court recognizes the new right, not the date on which the new right was "made retroactive[]").

[8] Embedded in the parties' dispute on timeliness with respect to the Supreme Court's decision in *Johnson* is a question as to the meaning of the term "right" as used in § 2255(f)(3). On one hand, the term "right" may be construed broadly—for instance, the "right" announced by the Supreme Court in *Johnson* could be the fundamental prohibition against unconstitutional vagueness in criminal statutes. On the other hand, the term "right" as used in § 2255(f)(3) may refer instead to the narrow *rule* or *holding* announced in a Supreme Court case—for example, *Johnson*'s holding that the ACCA residual clause is unconstitutionally vague. Consistent with the Supreme Court's decision in *Teague v. Lane*, 489 U.S. 288 (1989), and well-reasoned circuit court opinions, the narrower reading is the correct interpretation of the term "right" in § 2255(f)(3). *See, e.g., Headbird v. United States*, 813 F.3d 1092, 1094 (8th Cir. 2016) and cases cited therein. A contrary construction of "right" would lead to the anomalous result that a decision such as *Johnson*, which invalidated ACCA's residual clause, could never trigger a year-long window pursuant to § 2255(f)(3). This is so because if the term "right" is construed broadly, then no defendant could rely on *Johnson* to satisfy § 2255(f)(3)'s requirement that the "right" be "newly recognized," as the prohibition against unconstitutionally vague criminal statutes is hardly new. In other words, a broad interpretation of the term "right" as used in § 2255(f)(3) would preclude any defendant sentenced under the ACCA residual clause from relying on *Johnson* to bring a § 2255 motion if that defendant's sentence became final more than a year before *Johnson* was decided. Such a result would be at odds with the Supreme Court's decision in *Welch*, a case which effectively enabled prisoners sentenced under the ACCA residual clause before *Johnson* was decided to bring collateral attacks on their sentences. *See Welch*, 136 S. Ct. at 1268. Accordingly, the term "right" as used in § 2255(f)(3) is properly construed to mean the *rule* or *holding* announced by the Supreme Court. For a more complete discussion of the correct interpretation of the term "right" as used in § 2255(f)(3), see, for instance, *United States v. Le*, --- F. Supp. 3d --- (E.D. Va. Sept. 8, 2016).

Simply put, defendant's argument fails because *Johnson* announced no new right applicable to § 924(c). The Supreme Court's holding in *Johnson* was limited to the ACCA residual clause and did not address § 924(c). Indeed, as the Fourth Circuit observed, although "the Supreme Court held unconstitutionally vague the [ACCA residual clause], ... the [Supreme] Court had no occasion to review the ... residual clause [of § 924(c)]." *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015). Thus, defendant's contention—that § 924(c)'s residual clause is unconstitutionally vague—simply was not a right announced by the Supreme Court in *Johnson*. Accordingly, defendant's § 2255 motion based on *Johnson* is barred as untimely.

Yet, even assuming, *arguendo*, that defendant's § 2255 motion is timely, the motion nonetheless fails on the merits. This is so because even if *Johnson* operates to invalidate § 924(c)'s residual clause, defendant's § 924(c) conviction relies not on the residual clause, but rather on the "drug trafficking" prong. Specifically, *Johnson* addressed ACCA's unconstitutionally vague definition of a "violent felony." 135 S. Ct. at 2563. But just as the Supreme Court in *Johnson* had no occasion to evaluate § 924(c)'s residual clause, the Supreme Court had no occasion to address § 924(c)'s separate prohibition on the use of a firearm in relation to a "drug trafficking crime." *See Fuertes*, 805 F.3d at 499 n.5. Indeed, as the Fourth Circuit has observed, *Johnson* is inapposite and affords no relief to a defendant bringing a § 2255 motion where the challenged § 924(c) conviction is "a drug offense rather than a crime of violence[.]" *United States v. Richardson*, ---F. App'x---, No. 15-7871, 2016 WL 3524692, at *1 n.* (4th Cir. June 28, 2016). This is so for the obvious reason that a "drug trafficking crime" and a "crime of violence" as defined pursuant to § 924(c) are two distinct species of criminal offenses. *Compare* 18 U.S.C. § 924(c)(2) (defining a "drug trafficking crime,") *with* 18 U.S.C. § 924(c)(3) (defining a "crime of violence").

7

In sum, even assuming, *arguendo*, that defendant's *Johnson* claim is timely, defendant's challenge to his § 924(c) conviction fails because that conviction does not depend on § 924(c)'s residual clause.

## III.

Defendant's § 2255 motion with respect to the drug trafficking conviction and sentence, like his motion with respect to his § 924(c) conviction and sentence, is also untimely and meritless. Regardless whether *Dorsey* announced a "new right" applicable to defendant's drug conviction—thereby triggering a year-long limitations period pursuant to § 2255(f)(3)— defendant's motion is three years too late. Indeed, because the Supreme Court's decision in *Dorsey* was announced on June 21, 2012, a limitations period triggered by § 2255(f)(3) would have closed on June 21, 2013, more than three years before defendant filed his § 2255 motion.[9] Seeking to avoid this result, defendant contends that the government's counsel *may*, if it wishes

---

[9] Nor are there any grounds to employ the doctrine of equitable tolling in the context of this case. The doctrine of equitable tolling generally applies in two situations: (i) where the defendant was prevented from asserting his claim by some wrongful conduct on the part of the opposing party, or (ii) where extraordinary circumstances beyond the defendant's control made it impossible to file the claims on time. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). As the Fourth Circuit instructs, however, "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* Indeed, "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* No such grounds exist here, as defendant has been aware of his Fair Sentencing Act argument for years, but did nothing to raise it until June 24, 2016. Indeed, as Exhibit A to defendant's § 2255 motion makes clear, defendant's counsel informed defendant as of February 10, 2011 that defendant "may wish to raise the issue of retroactive application of the Fair Sentencing Act in your 2255 motion." (Doc. 88-1). Similarly, defendant's counsel mailed to defendant a copy of the Supreme Court opinion in *Dorsey* the day after the Supreme Court announced its decision. Although defendant's counsel correctly advised defendant that *Dorsey* does not apply in the context of this case, nothing prevented defendant from filing a § 2255 motion in the year following *Dorsey*'s announcement.

to do so, waive the limitations period. But the government has not done so, and has instead properly and correctly noted that defendant's motion is untimely.

But even assuming, *arguendo*, that defendant's § 2255 motion is timely with respect to his drug trafficking conspiracy conviction and sentence, the motion must fail because defendant's asserted ground for relief—that his counsel provided ineffective assistance by failing to raise an argument sounding in the FSA on appeal—does not identify constitutionally deficient representation. Indeed, it is axiomatic that a defendant asserting an ineffective assistance of counsel claim must first show that his counsel's representation "fell below an objective standard of reasonableness." *Padilla v. Kentucky*, 559 U.S. 356, 367 (2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Defendant's claim fails because his attorney's conclusion that the FSA did not apply to defendant's case was not only objectively reasonable, but doctrinally correct. To be sure, the Supreme Court in *Dorsey* held that the FSA applied retroactively to defendants who committed their crack cocaine crimes before—but were sentenced after—August 3, 2010, the date that the FSA was enacted. 132 S. Ct. at 2331. Importantly, however, the Fourth Circuit has squarely held that the FSA does *not* apply to defendants sentenced on crack cocaine convictions *before* August 3, 2010. *United States v. Black*, 737 F.3d 280, 287 (4th Cir. 2013). Specifically, the Fourth Circuit held that

> the reduced statutory minimum sentences enacted in the FSA on August 3, 2010, do not apply retroactively to defendants who both committed crimes *and* were sentenced for those crimes before August 3, 2010.

*Id.* Applied here, the Fourth Circuit's decision in *Black* is fatal to defendant's ineffective assistance claim; the date of defendant's sentencing on his crack cocaine offense was January 29, 2010, well before the FSA's enactment. Accordingly, the FSA has no application to defendant's case, and defendant's attorney did not provide ineffective assistance in recognizing this point.

9

In sum, assuming, *arguendo*, that defendant's § 2255 motion with respect to his drug conviction and sentence is timely pursuant to § 2255(f)(3), the motion nonetheless fails because defendant's counsel did not render ineffective assistance by accurately interpreting the law.

### IV.

Accordingly, defendant's § 2255 motion must be denied because that motion is untimely and meritless.

An appropriate Order will issue.

Alexandria, Virginia
September 27, 2016

T. S. Ellis, III
United States District Judge